UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SHEILA WEAVER,

                              Plaintiff,          **COMPLAINT**

       -against-                              Index No:

PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION, PHILIPS ELECTRONICS    **06 CIV. 8262**
NORTH AMERICA CORPORATION GROUP
WELFARE BENEFIT PLAN, and METLIFE,

                          Jury Trial Requested
                         Defendants.    **Judge McMahon**
-----------------------------------------------------------x

      Plaintiff, through her attorneys, GOLDSTEIN & METZGER, LLP, complaining of the defendants herein, respectfully alleges, upon information and belief, as follows:

### JURISDICTION

      1. This action arises under the Employee Retirement Income Security Act of 1974, 29 USC § 1001 et seq. (hereinafter the "Act"), and more particularly Section 1132 (a) (1) (B) thereof. The Court has jurisdiction of this matter under 29 USC. § 1132 (e).

### THE PARTIES

      2. Plaintiff, Sheila Weaver, is a citizen and a resident of the State of New York.

      3. Defendant, Philips Electronics North America Corporation ("Philips"), is a corporation organized and existing under the laws of the State of Delaware, and authorized to do business, and is doing business, in the State of New York and throughout the United States.

      4. Defendant, MetLife, is a long term disability insurer in the State of New York, and authorized to do business, and is doing business, in the State of New York and throughout the United States.

5. At all times material, Sheila Weaver was an "employee" of Philips, within the meaning of the Act (29 USC § 1002 (6)).

6. At all times material, Philips, was an "employer" within the meaning of the Act (29 USC § 1002 (5)).

7. At all times material, Philips, established an "employee benefit plan" within the meaning of the "Act" (29 USC § 1002 (3)), named "Philips Electronics North America Corporation Group Welfare Benefit Plan" (hereinafter the "Plan"),
known as a Long-Term Disability Program.

8. Philips, pursuant to the Act (29 USC § 1002 (16)(B)), was the "plan sponsor" of the Plan.

9. Philips, pursuant to the Act (29 USC § 1022), prepared and distributed a Summary Plan Description, setting forth the benefits of the Plan and the exclusions for such benefits.

10. Philips, pursuant to the Act (29 USC § 1002 (16)(A)) was the plan "administrator".

11. At all times material, Sheila Weaver was a "participant" within the meaning of the Act (29 USC.§ 1002 (7)), in the Plan.

12. At all times material, Sheila Weaver purchased, through payroll deduction, from her wages at Philips, as well as the employer provided the coverage, through the Long-Term Disability Program.

13. At all times material, Philips provided Sheila Weaver, as an employee, coverage through the Long-Term Disability Program.

14. At all times material, the Long-Term Disability Program, among other things, provided for benefits for named insureds in the event of long term disability of a participant.

15. Plaintiff, Sheila Weaver, was a "participant" within the meaning of the Act (29 USC § 1002 (8)).

16. MetLife was the insurance company which plaintiff had to apply to receive benefits from the Long-Term Disability Program.

17. MetLife administered the Long-Term Disability Program.

## THE FACTS

18. Sheila Weaver, while an employee of Philips, purchased Long-Term Disability insurance through the Long-Term Disability Program in the amount of sixty-five per cent (65%) of her monthly salary up to 65 years of age.

19. Sheila Weaver, while an employee of Philips, was afforded coverage as an employee benefit, Long-Term Disability Insurance through the Long-Term Disability Program.

20. On July 20, 2004, Sheila Weaver left her employment at Philips due to a medical condition.

21. On or about January 2, 2005, Sheila Weaver, as a participant under the Plan, made application to MetLife, as Administrator of the Plan, to collect the Long-Term disability benefit.

22. On or about May 4, 2005, defendant MetLife, rejected plaintiff's claim for disability benefits on the basis of alleged medical documentation showing no compensable disability, claiming that information contained in her claim file no longer supported her inability to perform her own occupation.

23. MetLife relied on information and documentation, not provided to the participant, and not of a medical nature, to deny plaintiff benefits.

24. Although plaintiff appealed the denial, MetLife did not provide plaintiff with all information in their file so she could adequately refute all the information in their file.

25. That MetLife's file contained information fully supporting plaintiff's claim for Long-Term Disability Insurance.

26. That defendants' denial of plaintiff's claim is arbitrary and capricious.

27. Defendants have breached the terms of the Plan and Summary Plan Description.

28. Defendants owe to plaintiff the sum of THREE THOUSAND THREE HUNDRED TWENTY-EIGHT DOLLARS AND THIRTY-SIX CENTS ($3,328.36) per month, the Long-Term disability benefit, plus interest from May 4, 2005, along with attorneys' fees and the costs and disbursements of this action.

29. On or about July 19, 2005, plaintiff appealed the decision denying the benefits, by making a written request for review.

30. On or about August 6, 2005, the Administrator upheld the original decision to terminate benefit beyond May 4, 2005.

31. Plaintiff has exhausted all administrative review of her benefit determination.

**WHEREFORE**, plaintiff requests that:

1. Defendants pay to plaintiff the sum of THREE THOUSAND THREE HUNDRED TWENTY-EIGHT DOLLARS AND THIRTY-SIX CENTS ($3,328.36) per month, the Long-Term disability benefit, plus interest from May 4, 2005;

2. Attorneys' fees;

3. Costs and disbursements of this action; and

4. Such other and further relief as the Court deems just and proper.

Dated: Poughkeepsie, New York
October 3, 2006

GOLDSTEIN & METZGER, LLP

By _____
Paul J. Goldstein (9722)
Attorneys for Plaintiff
40 Garden Street
Poughkeepsie, NY 12601
Tel. 845/473-7000